1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                    SAN JOSE DIVISION

11

12  NICK MILETAK,                          Case No. 5:17-cv-07022-HRL

                    Plaintiff,
13
                                           **ORDER GRANTING DEFENDANT'S**
14         v.                              **MOTION TO SET ASIDE DEFAULT**
                                           **AND DENYING PLAINTIFF'S MOTION**
15  GENERAL INFORMATION SERVICES,          **FOR DEFAULT JUDGMENT**
    INC.,
16                                         Re: Dkt. Nos. 11, 21
                    Defendant.
17

18         Pro se plaintiff Nick Miletak sues General Information Solutions LLC (GIS)[1] for alleged

19  violation of federal and state credit reporting laws, defamation, and intentional infliction of

20  emotional distress.  Plaintiff filed his complaint on December 8, 2017.  He subsequently filed a

21  proof of service indicating that defendant was served on December 19, 2017, through personal

22  service on Elizabeth Haney, GIS's Director of Human Resources.  (Dkt. 6).  When GIS failed to

23  respond within 21 days thereafter, plaintiff moved for entry of defendant's default.  The Clerk of

24  the Court entered GIS's default on January 22, 2018.  (Dkt. 7).

25         Shortly after, plaintiff moved for entry of default judgment.  Several days later, GIS moved

26

27  _____

28  [1] The complaint names General Information Services, Inc. as defendant.  However, defendant says
    that following a corporate conversion, it is now known as General Information Solutions LLC and
    that General Information Services, Inc. is no longer an active corporate entity.

1  to set aside the default. All parties have expressly consented that all proceedings in this matter

2  may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

3  The pending motions are deemed suitable for determination without oral argument, and the March

4  6, 2018 hearing is vacated. Civ. L.R. 7-1(b). Upon consideration of the moving and responding

5  papers,[2] the court grants defendant's motion to set aside the default and denies plaintiff's motion

6  for default judgment.

**DISCUSSION**

8  　　　　The court finds that it is most efficient to first determine whether defendant's default

9  should be set aside.

10  　　　　The court may set aside an entry of default for good cause. Fed. R. Civ. P. 55(c). In

11  determining whether there is good cause the court considers three factors: (1) whether GIS

12  engaged in culpable conduct that led to the default; (2) whether GIS has no meritorious defense; or

13  (3) whether reopening the default would prejudice the plaintiff. United States v. Signed Personal

14  Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). This standard "is

15  disjunctive, such that a finding that any one of these factors is true is sufficient reason for the

16  district court to refuse to set aside the default." Id. "Crucially, however, judgment by default is a

17  drastic step appropriate only in extreme circumstances; a case should, whenever possible, be

18  decided on the merits.'" Id. (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

19  Moreover, the standard is applied more liberally with respect to the entry of default, rather than a

20  default judgment, because there is no interest in the finality of the judgment with which to

21  contend. Id. at 1091 n.1.

22  　　　　**A.　　Culpable Conduct**

23  　　　　A defendant's conduct is culpable if it receives actual or constructive notice of the filing of

24  the action and intentionally fails to answer. Mesle, 615 F.3d at 1092 (citing TCI Group Life Ins.

25  Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001), overruled on other grounds). However, "'in

26

27  _____

28  [2] On February 20, 2018, plaintiff filed an unauthorized sur-reply on defendant's motion to set aside the default. (Dkt. 32). See Civ. L.R. 7-3(d). The court has nonetheless accepted and considered that filing, but admonishes plaintiff to abide by the court's rules in the future.

1    this context the term 'intentionally' means that a movant cannot be treated as culpable simply for

2    having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the

3    movant must have acted with bad faith, such as an intention to take advantage of the opposing

4    party, interfere with judicial decisionmaking, or otherwise manipulate the legal process.'" Id.

5    (quoting TCI Group Life Ins. Plan, 244 F.3d at 697).   The Ninth Circuit has "'typically held that a

6    defendant's conduct was culpable for purposes of the [good cause] factors where there is no

7    explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to

8    respond.'" Id. (quoting TCI Group Life Ins. Plan, 244 F.3d at 698).  And, culpable conduct

9    usually involves behavior designed to help a party "avoid liability by staying out of court:  for

10   instance, when companies act to avoid service in order to thwart their customers' attempts to bring

11   suit against them." Id. at 1094.  Thus, "simple carelessness is not sufficient to treat a negligent

12   failure to reply as inexcusable, at least without a demonstration that other equitable factors, such

13   as prejudice, weigh heavily in favor of denial of the motion to set aside a default." Id.

14         Here, the record indicates that on December 13, 2017, plaintiff emailed a PDF of his filed

15   complaint to Stephanie Morgan, GIS's Deputy General Counsel.  Morgan avers that, upon receipt

16   of that email she immediately notified GIS's outside counsel of the litigation and awaited formal

17   service of the summons and complaint.  (Dkt. 21-3, Declaration of Stephanie Morgan (Morgan

18   Decl.) ¶ 13).  As discussed, plaintiff's proof of service indicates that the complaint was served by

19   hand delivery to Elizabeth Haney, GIS's Director of Human Resources, about a week later on

20   December 19, 2017.  (Dkt. 6).  Although GIS contends that Haney is not authorized to accept

21   service of process (Morgan Decl. ¶ 16), it does not challenge the sufficiency of the December 19

22   service.  Nevertheless, defendant says that, for whatever reason, notice that the December 19

23   service occurred never made it to GIS's legal department.  Instead, Morgan attests that she first

24   learned of the December 19 service on January 23, 2018, when plaintiff sent her an email advising

25   that GIS's default had been entered.  (Id. ¶ 17).  Morgan says she immediately notified GIS's

26   outside counsel.  (Id.).  And, GIS filed its present motion to set aside the default a week later.

27         Emphasizing that GIS had at least constructive notice of the lawsuit on December 13 and

28   formal notice of the lawsuit on December 19, plaintiff argues that defendant's procedures with

1    respect to receipt of service of process are "sloppy and deficient." (Dkt. 23 at 6). While the

2    record indicates that there was some disconnect within the company in the failure to notify GIS's

3    legal department of the December 19 service of process, the court finds no basis on this record to

4    conclude that defendant's conduct was indicative of any bad faith designed to take advantage of

5    plaintiff, to interfere with judicial decisionmaking, manipulate the legal process, or to avoid

6    liability by staying out of court. Instead, the record indicates that after receiving plaintiff's

7    December 13 email and after learning of the entry of default, GIS's counsel acted promptly to

8    prepare to proceed with the defense of this action. None of plaintiff's cited cases persuades the

9    court to the contrary. Accordingly, this factor supports setting aside the entry of default.

10            **B.      Meritorious Defenses**

11           "A defendant seeking to vacate a default judgment must present specific facts that would

12   constitute a defense. But the burden on a party seeking to vacate a default judgment is not

13   extraordinarily heavy." Mesle, 615 F.3d at 1094. And, as discussed above, the test is applied

14   more liberally where, as here, the court is being asked to set aside the entry of default. Id. at 1091

15   n.1. Indeed, in any event, GIS's burden on this factor is "minimal." Id. at 1094. "All that is

16   necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true,

17   would constitute a defense: the question whether the factual allegation [i]s true is not to be

18   determined by the court when it decides the motion to set aside the default." Id. "Rather, that

19   question would be the subject of the later litigation." Id.

20           GIS identifies multiple defenses on the merits that it wishes to have adjudicated, including

21   that the alleged inaccuracies in the reports at issue are not inaccurate or misleading (and that two

22   of them inure to plaintiff's benefit); that GIS followed reasonable procedures to assure maximum

23   possible accuracy of plaintiff's reports; that plaintiff's claim under 15 U.S.C. § 1681b(b)(3) fails

24   as a matter of law; that the defamation and emotional distress claims are preempted; and that,

25   under the facts and applicable law, plaintiff has no viable claim for defamation or intentional

26   infliction of emotional distress in any event. In response, plaintiff says he agrees that several of

27   the alleged inaccuracies in the reports "are negligible and not patently inaccurate or materially

28   misleading" and further states that he made mistake in asserting defamation based on the alleged

4

reporting inaccuracies. (Dkt. 23, Opp. at 9, 14). But, he otherwise maintains that he has sound claims for relief, arguing that the law and the facts of this case clearly establish defendant's liability and his entitlement to damages. Either defendant's or plaintiff's arguments might ultimately prove correct, but that remains to be seen. This is not the stage at which the court makes such determinations, nor is it a reason to deny GIS the opportunity to litigate this matter on the merits. Suffice to say that, on this record, the court concludes that defendant has shown that it intends to present non-frivolous arguments in its defense and that it is prepared to litigate this case on the merits. Accordingly, the court finds that the second factor weighs in favor of setting aside the entry of default.

### C. Prejudice to Plaintiff

There is no controversy as to this factor, since plaintiff concedes that he will not be prejudiced if defendant's default is set aside. Accordingly, this factor also supports setting aside GIS's default.

### ORDER

Having concluded that GIS's default should be set aside, the court grants GIS's motion to set aside the default and denies plaintiff's motion for default judgment. Defendant shall respond to the complaint within 15 days from the date of this order.

Additionally, the Initial Case Management Conference is re-set to **May 1, 2018, 1:30 p.m.**, and all related deadlines (see Dkt. 3, Order Setting Initial Case Management Conference and ADR Deadlines) are adjusted accordingly.

SO ORDERED.

Dated: March 1, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge