UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NICK MILETAK,<br><br>    Plaintiff,<br><br>    v.<br><br>GENERAL INFORMATION SERVICES, INC.,<br><br>    Defendant. | Case No. 5:17-cv-07022-HRL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 36 |

Pro se plaintiff Nick Miletak sues for alleged credit reporting violations under federal and state law, as well as for defamation/libel, and intentional infliction of emotional distress. According to the complaint, defendant General Information Solutions, LLC (GIS)[1] prepared two background reports about plaintiff in connection with his potential employment with Geico and Jet Blue. The complaint alleges that the two reports contained a total of five inaccuracies:

- A report prepared around June 13, 2017 for Geico reportedly contained three errors: (1) "incorrectly indicates Plaintiff['s] graduation date as 9/2011 (actual 10/2011)"; (2) "incorrectly reported reason for leaving Sanmina employment as 'blank' (actual Laid off)"; and (3) "incorrectly states Plaintiff['s] employment dates

---

[1] Although named in the complaint as "General Information Services, Inc.," GIS says that entity is no longer active and that the company is now General Information Solutions, LLC.

with AT&T as 8/2/1999 to 4/6/2013 (actual 05/09/2008 to 4/6/2013)." (Dkt. 1, Complaint ¶ 16).

- A report prepared around October 11, 2017 for Jet Blue allegedly contained two errors: (1) "incorrectly indicates Plaintiff['s] [position] with Sanmina in the capacity of 'Associate' (actual Program Administrator and verified in the previous Geico report)"; and (2) "[i]ncorrectly reported that Plaintiff['s] previous working capacity with AT&T as 'Data not provided' (actual Supply Service Attendant and verified in the previous Geico report." (*Id*. ¶ 17).

The complaint goes on to allege that on November 29, 2017, Stephanie Morgan (GIS's Deputy General Counsel) replied to an email plaintiff sent to Jet Blue. Morgan's email reportedly was sent to both plaintiff and Frank Ayala (Jet Blue's Human Resources Manager) and "contained an accusation of criminal extortion committed by the Plaintiff against both GIS and Jet Blue." (Complaint ¶ 18). Morgan's email allegedly also stated: "Frank: feel free to call me to discuss if you'd like." (*Id*.). Miletak claims that the alleged accusation of extortion was made even though the reports prepared by GIS showed that he had no criminal history. (*Id*.).

Based on these allegations, the complaint asserts five claims for relief: (1) violation of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681e(b); (2) violation of FCRA § 1681(b)(3); (3) violation of California Investigative Consumer Reporting Agency Act (ICRAA), Cal. Civ. Code § 1786.10-1786.40, *et seq*.; (4) defamation of character-libel; and (5) intentional infliction of emotional distress.

Following the entry of GIS's default earlier this year, the court denied plaintiff's motion for default judgment and granted GIS's motion to set aside the default.

Pursuant to Fed. R. Civ. P. 12(b)(1), GIS now moves to dismiss the FCRA claims for lack of subject matter jurisdiction, arguing that plaintiff has not sufficiently alleged his standing to pursue those claims. Defendant also moves to dismiss all claims under Fed. R. Civ. P. 12(b)(6) on the ground that the complaint fails to state a claim for relief. Plaintiff opposes the motion. However, in his opposition, he acknowledges that three of the five alleged errors in the subject

reports are negligible and not patently inaccurate or materially misleading.[2]

That leaves Miletak's allegations that the report for Geico indicated that his employment with AT&T was about 10 years longer than it actually was and that the report for Jet Blue said that his position with Sanmina was "Associate," rather than "Program Administrator."

All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Upon consideration of the moving and responding papers,[3] as well as the oral arguments presented, the court grants defendant's Fed. R. Civ. P. 12(b)(1) motion to dismiss and does not reach GIS's Fed. R. Civ. P. 12(b)(6) motion.

**DISCUSSION**

The complaint alleges that GIS violated two provisions of the FCRA. Claim 1 is for alleged violation of FCRA § 1681e(b), which provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Claim 2 is for alleged violation of FRCA § 1681b(b)(3), which sets conditions on the use of a consumer report and provides, in relevant part:

> in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates--

---

[2] Those three alleged errors include the following two in the Geico report: (1) "incorrectly indicates Plaintiff['s] graduation date as 9/2011 (actual 10/2011)"; (2) "incorrectly reported reason for leaving Sanmina employment as 'blank' (actual Laid off)," and the following alleged error in the Jet Blue report: "[i]ncorrectly reported that Plaintiff['s] previous working capacity with AT&T as 'Data not provided' (actual Supply Service Attendant and verified in the previous Geico report."

[3] Plaintiff's opposition papers were filed 9 days late. That filing deadline is not extended for service by mail. Civ. L.R. 7-3(a) ("Fed. R. Civ. P. 6(d), which extends deadlines that are tied to service (as opposed to filing), does not apply and thus does not extend this deadline."). Also, for the second time in these proceedings, Miletak filed an unauthorized sur-reply, without seeking leave of court---despite this court's prior admonition against filing such documents. (Dkt. 34 at 2, n.2). Plaintiff's pro se status does not excuse him from complying with rules and court orders that all litigants are expected to follow. The court has read plaintiff's papers submitted in connection with the present motion, but does not condone his tardy and unauthorized filings and again warns him against future non-compliance.

(i) a copy of the report; and

(ii) a description in writing of the rights of the consumer under this subchapter . . ..

15 U.S.C. § 1681b(b)(3)(A). Miletak claims that GIS failed to follow reasonable procedures to assure maximum possible accuracy of the reported information and that an adverse action notification in a November 16, 2017 letter from GIS failed to comply with the FCRA.

Pursuant to Fed. R. Civ. P. 12(b)(1), GIS moves to dismiss the FCRA claims, arguing that Miletak has no standing to pursue them. Defendant contends that the complaint is devoid of allegations of "concrete and particularized" harm that plausibly can be connected to the two remaining alleged inaccuracies, i.e., that the Geico report states that plaintiff's employment with AT&T was about 10 years longer than it actually was, and that the Jet Blue report incorrectly indicates that plaintiff was an "Associate" with Sanmina, rather than "Program Administrator."

Under Article III of the United States Constitution, federal courts have jurisdiction to decide only actual cases or controversies, and persons have standing to sue if (1) they have suffered an "injury-in-fact" that is both "actual and imminent, not conjectural or hypothetical" and "concrete and particularized"; (2) the injury is "fairly traceable" to the defendant's conduct; and (3) a favorable decision by the court will likely redress the alleged injury. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L.Ed.2d 351 (1992).

"For an injury to be 'particularized,' it 'must affect the plaintiff in a personal and individual way.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560 n.1). "A 'concrete' injury must be '*de facto*'; that is, it must actually exist." *Id*. (citing Black's Law Dictionary 479 (9th ed. 2009)). "When we have used the adjective 'concrete,' we have meant to convey the usual meaning of the term---'real,' and not 'abstract.'" *Id*. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id.* at 1549. Thus, a plaintiff cannot simply "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* "'Concrete' is not, however, necessarily synonymous with 'tangible.'" *Id*. Thus, "the law has long permitted recovery by certain tort victims even if their harms may be difficult to prove or measure." *Id*.

4

Here, the complaint alleges that as a result of GIS's alleged FCRA violations, plaintiff "suffered actual damages including but not limited to: loss of employment income and benefits, damage to reputation, embarrassment, humiliation and other mental, physical and emotional distress." (Complaint ¶¶ 25, 33). At the hearing, however, Miletak acknowledged that he did not suffer harm to his hiring status and that he received a job offer from Jet Blue. Further, he stated that his damages are based on emotional distress. Although it does not concede that the reported items at issue are incorrect, GIS maintains that Miletak's complaint alleges nothing more than *de minimis* violations and that his claimed emotional distress is merely conjectural, especially since plaintiff also acknowledges that the alleged error in reporting a longer period of employment with AT&T works in his favor.

Miletak claims more than a procedural violation of the FCRA. He alleges that the reports GIS prepared contained items that are inaccurate. Ninth Circuit "precedent suggests that, at the very least, information that is inaccurate 'on its face' is 'patently incorrect.'" *Drew v. Equifax*, 690 F.3d 1100, 1108 (9th Cir. 2012) (observing that the District of Columbia Circuit has "suggest[ed] that under [FCRA] § 1681e, a [consumer reporting agency] is liable for reporting information that is 'technically untrue,' as well as in various other circumstances."). Additionally, plaintiff correctly notes that "[t]he FCRA permits 'recovery for emotional distress and humiliation.'" *Drew*, 690 F.3d at 1109 (quoting *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995)). Nevertheless, the court finds that the complaint as currently drafted, does not contain sufficient allegations of an injury-in-fact that is more than conjectural and that is fairly traceable to GIS's alleged conduct. Plaintiff now states that his employment with Jet Blue was delayed by two months and that he received an adverse action notification from GIS referencing that delay. He believes that the delay was due, at least in part, to the allegedly incorrect background report GIS prepared. It remains to be seen whether plaintiff will succeed in proving his allegations. But, if true, such facts may well establish injury-in-fact sufficient to confer standing. None of these assertions, however, appear in the complaint.

Accordingly, GIS's Fed. R. Civ. P. 12(b)(1) motion to dismiss the FCRA claims is granted. However, plaintiff will be given leave to amend, if he truthfully can do so consistent with Fed. R.

Civ. P. 11. The amended pleading presumably will not include the three alleged errors that plaintiff confirmed in writing and at the hearing that he is no longer pursuing.

Because the FCRA claims are the sole asserted basis for federal subject matter jurisdiction), the court does not reach GIS's Fed. R. Civ. P. 12(b)(6) motion or any of the remaining claims.

If plaintiff chooses to amend his complaint, his amended pleading shall be filed by **May 18, 2018**. Leave to amend is limited to those claims pled in the complaint and consistent with the rulings above. To the extent plaintiff intends to assert new or different claims for relief or add new parties, he must make an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

SO ORDERED.

Dated: May 2, 2018

HOWARD R. LLOYD
United States Magistrate Judge